IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN O'MALLEY, | |
| Plaintiff, | CIVIL ACTION NO. 3:08-CV-0680 |
| v. | (JUDGE CAPUTO) |
| EDWARD LUKOWICZ and BOROUGH OF AVOCA, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Plaintiff's Motion for Reconsideration of this Court's sua sponte dismissal of Plaintiff's Complaint on grounds that it failed to allege jurisdiction. (Doc. 4.)  This court will grant the motion for reconsideration and allow Plaintiff to amend his complaint because the case was dismissed before Defendants were served.

## BACKGROUND

Plaintiff's Complaint brought claims against Defendants under 42 U.S.C. § 1983 and Pennsylvania state law.  (Compl. ¶ 4, Doc. 1.)  Prior to Defendants being served, this Court dismissed Plaintiff's complaint because it failed to allege jurisdiction, specifically federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Doc. 3.)  Plaintiff has filed a Motion to Reconsider and amend his Complaint.  (Doc. 4.)

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten

days of entry.  FED. R. CIV. P. 59(e).  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."  *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002).  "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment."  *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006).  Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly.  *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

**DISCUSSION**

In support of his motion for reconsideration, Plaintiff raised *Schneller v. Fox Subacute at Clara Burke*, Civ. A. No. 07-1949, 2008 WL 1801091 (3d. Cir. Apr. 22, 2008).  Here, the plaintiff, a pro se prisoner, filed a complaint under Section 1983.  *Id*. at

*1. The plaintiff's complaint was dismissed for lack of subject matter jurisdiction. *Id*. The Court of Appeals ordered that the plaintiff be allowed to amend his complaint. *Id.*

While *Schneller* stated that "pro se plaintiffs generally must be given an opportunity to amend the complaint," and that concerns over not allowing amendment apply "especially when the plaintiff is proceeding pro se," the presence of a pro se defendant was not the court's only concern. 2008 WL 1801091, at *2. The court was concerned that "[in] . . . acting without the opposing party's input, the district court bypasses our tradition of adversarial proceedings. . . . [T]he court may appear to be conducting a private litigation with the plaintiff while the defendant sits on the sidelines." *Id*. (quoting *Oates v. Sobolevitch*, 914 F.2d 428, 431 (3d Cir. 1990)). Courts acting sua sponte before service of process make the courts appear to have "abandoned the role of neutral arbitor," and additionally, this often results in great inefficiency. *Oates*, 914 F.2d at 431.

In the present case, Defendants had not been served prior to the Court dismissing the case, and, as such, the same concerns are raised. Additionally, the Complaint in this case asserted a cause of action arising under federal law but failed to specifically allege that this Court had subject matter jurisdiction over this cause of action under 28 U.S.C. § 1331, and since Plaintiff's original filing, the applicable statute of limitations has expired. In light of these specific factual considerations, this Court will grant Plaintiff's motion for reconsideration and allow him to amend his Complaint.

## CONCLUSION

For the reasons stated above, this Court shall grant Plaintiff's Motion for Reconsideration and grant Plaintiff leave to amend his Complaint.

An appropriate order will follow.


June 25, 2008                                       /s/ A. Richard Caputo
Date                                                A. Richard Caputo
                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RYAN O'MALLEY,<br><br>    Plaintiff<br><br>        v.<br><br>EDWARD LUKOWICH and BOROUGH OF AVOCA,<br><br>    Defendants. | NO. 3:08-CV-0680<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this __25th____ day of June 2008, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 4.) is **GRANTED** and Plaintiff may file an amended Complaint within twenty (20) days of the date of this Order.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge