**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RYAN O'MALLEY,

      Plaintiff,

            v.

EDWARD LUKOWICH and BOROUGH
OF AVOCA,

      Defendants.

NO. 3:08-CV-0680

(JUDGE CAPUTO)

## <u>MEMORANDUM</u>

Presently before the Court is Defendant the Borough of Avoca's ("Avoca") Motion to Dismiss (Doc. 12.) the Amended Complaint (Doc. 8) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Avoca's motion to dismiss will be granted in part and denied in part. Because they are raised pursuant to federal law, Counts I, II, III, and IV will be dismissed to the extent they seek remedies under state law. All Counts (I through V) will be dismissed to the extent they seek punitive damages from Avoca. Plaintiff's claim in Count I for violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution will be dismissed. Avoca's motion will be denied in all other respects.

The case is brought under Title 42 of the United States Code, section 1983. Jurisdiction exists under section 1331 of Title 28 of the United States Code ("federal question").

## BACKGROUND

The facts as alleged in Plaintiff's Complaint are as follows.

Plaintiff Ryan O'Malley presently resides in Luzerne County. (Am. Compl. ¶ 1, Doc.

8.)  Defendants are Edward Lukowich, the former Police Chief of the Borough of Avoca and the Borough of Avoca.  (*Id.* ¶ 2.)  Avoca is a municipality of the Commonwealth of Pennsylvania.  (*Id.* ¶ 3.)

On or about April 17, 2006, Defendant Edward Lukowich searched and seized Plaintiff and his car without his consent, and without probable cause.  (*Id.* ¶ 5.)  This search occurred because Lukowich wished to continue his pursuit of former Avoca Police Officer Michael Savokinas. (*Id.*)  At the relevant time, Plaintiff was an employee of Savo's Pizza, which is owned by the family of Michael Savokinas.  (*Id.* ¶ 6.)  On the date in question, Police Chief Lukowich arranged for one of his informants to entice Plaintiff to a location where Lukowich would initiate a search and an arrest.  (*Id.* ¶ 7.)  Lukowich's sole reason was to lodge charges against Plaintiff so that he would implicate Savokinas in false drug dealing allegations.  (*Id.* ¶ 8.) When Plaintiff entered the informant's car, Lukowich and other officers surrounded the car and thereafter handcuffed Plaintiff, searched Plaintiff and his car, and took him to Avoca Police Department where he was interrogated for three (3) hours.  (*Id.* ¶¶ 9-13.)   The purpose of these actions was to coerce Plaintiff into making drug dealing allegations against Savokinas.  (*Id.* ¶¶ 10,13.)  Plaintiff refused to make such allegations and told Lukowich they were not true.  (*Id.* ¶¶ 14-15.)  He was thereafter released from the Police Department. (*Id.* ¶ 16.)  In the following days, Plaintiff received harassing telephone calls from an Avoca police officer at his home, pressuring him to make allegations against Savokinas.  (*Id.* ¶¶ 17.)  Because Plaintiff continued to refuse, Lukowich arrested him on or about May 10, 2006.  (*Id.* ¶ 18.)  Plaintiff alleges these charges were terminated in his favor. (*Id.*)  Lukowich and the officer that called Plaintiff's home were later arrested for unsworn

2

falsifications.  (*Id*. ¶¶ 20-21.)  Lukowich was also charged with criminal conspiracy and official oppression and subsequently retired from Avoca Police Department.  (*Id*. ¶¶ 21-22.)

On April 10, 2008, Plaintiff filed a Complaint.  (Doc. 1.)  On May 16, 2008, the Court *sua sponte* dismissed the case for failure to properly plead jurisdiction.  (Doc. 3.)  On June 25, 2008, the Court granted Plaintiff's motion for reconsideration, and permitted the Plaintiff to file an Amended Complaint within twenty (20) days of the order.  (Doc. 7.)  Plaintiff filed his Amended Complaint on June 30, 2008.  (Doc. 8.)

On July 24, 208, Avoca filed the present motion to dismiss the amended complaint. (Doc. 12.)  This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*,

--- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."  *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042, 114 S. Ct. 687, 126 L. Ed 2d 655 (1994).  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *Id.*  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I.      Pennsylvania Remedies for Federal Claims**

Counts I, II, III, IV, and V of Plaintiff's complaint, alleging unlawful search and seizure,

malicious prosecution, First Amendment retaliation, abuse of official power, and failure to train are raised under 42 U.S.C. § 1983.  (Am. Compl. ¶¶ 28, 33, 40, 44, Doc. 8.)  These are federal claims, but Plaintiff seeks remedies under Pennsylvania law for Counts I through IV. Because these are federal claims, Pennsylvania remedies are not applicable and the claims will be dismissed to the extent they seek state law remedies.

Even if Pennsylvania remedies were applicable, Avoca would be immune from liability for damages under the Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA").  42 PA. CONS. STAT. § 8541 (2008).  The PSTCA provides that "[n]o local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."  *Id*.  A local agency is "a government unit other than the Commonwealth government"  *Id*. § 8501.  The Borough of Avoca is a local agency.  The statute includes eight (8) exceptions to local agency immunity, but none apply here.  *See id*. § 8542(b) (exceptions include: vehicle liability; care, custody and control of personal property; real property; trees, traffic controls, and street lighting; utility service facilities; streets; sidewalks; and care, custody, or control of animals).

Plaintiff argues that there is a willful misconduct exception to PSTCA immunity.  (Pl.'s Br. in Opp'n 10-11, Doc. 17.)  It is true that a public official does not receive immunity when his action "constituted a crime, actual fraud, actual malice or wilful misconduct."  *Id*. § 8550. However, even if an employee engages in willful misconduct, thus losing individual immunity, local agencies are not liable for their employee's willful misconduct.  *Debellis v. Kulp*, 166 F. Supp. 2d 255, 278 (E.D. Pa. 2001).  Therefore, the willful misconduct exception does not apply to Avoca.

I.      **Municipal Liability under Section 1983**

Plaintiff brings claims for unlawful search and seizure, malicious prosecution, First Amendment retaliation, abuse of official power, and failure to train under 42 U.S.C. § 1983, which provides "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

Avoca argues that it cannot be held liable for the actions of Lukowich, citing state law regarding *respondeat superior* liability. (Def.'s Br. in Supp. 4, Doc. 13.)  However, under § 1983, municipal liability cannot be established under the doctrine of *respondeat superior*, and as such, Avoca's argument is inapposite.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978*)* ("a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents").  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Id*.  There are three (3) instances when the constitutional tort of a municipal employee meets this standard.  *McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005).  First, a municipality is liable when its employee acts pursuant to formal government policy or standard operating procedure long accepted within the government entity.  *Id.* (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989)).  Second, a municipality is liable for the actions

6

of an employee when the employee has final policy-making authority, rendering his behavior an act of government policy. *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)). Finally, a municipality is liable for the actions of its employee when an official with authority has ratified the unconstitutional actions of the subordinate, rendering the action official. *Id.* (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988)).

Plaintiff argues that Avoca is liable under the second or third of the above bases for municipal liability. (Pl.'s Br in Opp'n 4-5, 9, Doc. 17.)  As to the third theory of liability, Plaintiff argues that Avoca acquiesced in Defendant Lukowich's conduct because it knew of his actions and did nothing.  Where a subordinate allegedly engages in unconstitutional conduct, the municipality may be liable if it either acquiesced in the conduct or delegated authority to the subordinate. *Andrews v. City of Phila*., 895 F.2d 1469, 1481 (3d Cir. 1990). To survive a motion to dismiss on an allegation of acquiescence by the municipality, Plaintiff must allege at least the responsible parties, the conduct, the time, and the place. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (requiring these allegations to show knowledge and acquiescence in context of individual government defendant in civil rights case).

Considering this standard in conjunction with *Twombly* and its progeny, Plaintiff fails to sufficiently allege Avoca's acquiescence. *Twombly's* "plausibility standard" requires a party to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007).  Plainitff alleges that he "made Borough of Avoca aware" of Lukowich's

improper conduct and that the Borough gave him "free reign," (Am. Compl. ¶¶ 36, 38, Doc. 8), but gives no factual allegations on when, where, or who he "made aware" of the conduct or what the Borough gave Lukowich "free reign" to do.  To be plausible, Plaintiff's allegations of Avoca's acquiescence require more specific facts.

Plaintiffs' allegations satisfy the second theory of municipal liability, namely, action by a final policy-maker.  The key question under this theory is whether the individual whose decisions are at issue is a final policy-maker, which is a question of state law.  *McGreevy,* 413 F.3d at 368.  This Court has previously found on several occasions that a police chief from a Pennsylvania municipality may be a final decision-maker for purposes of municipal liability.  *See, e.g., Gallis v. Dickson City*, No. 05-0551, 2006 U.S. Dist. LEXIS 72091, at *23 (M.D. Pa. Oct. 3, 2006) (Munley, J.).  If made by a final policy-maker, even a single decision may expose a municipality to liability by creating official policy.  *McGreevy*, 413 F.3d at 367-68.  Here, Plaintiff alleges that Lukowich, as borough police chief, made several decisions which violated his civil rights, including arranging his unlawful search and seizure and his false arrest.  (Am. Compl. ¶¶ 7, 18, Doc. 8.)  He has made sufficient allegations to proceed under the second theory of municipal liability.

## II.      Count I - Unlawful Search, Seizure and Arrest

Plaintiff alleges that Lukowich unlawfully detained and searched him, searched his car, and later arrested him in violation of his rights under the Fourth Amendment to the U.S. Constitution, as incorporated against the states by the Fourteenth Amendment, and in violation of the Due Process Clause of the Fourteenth Amendment.

A.      Fourth Amendment

Plaintiff cites three instances which he alleges constitute violations of his Fourth Amendment rights.  First, Plaintiff alleges that, on April 17, 2006, Lukowich and other police officers handcuffed, searched, and brought him to the Avoca Police Department, where they questioned him for three (3) hours.  (Am. Compl. ¶¶ 5-13, Doc. 8.)  He asserts that Lukowich detained and searched him knowing he lacked probable cause to do so.  (*Id*. ¶ 24.) "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003).  However, the United States Supreme Court has made clear that seizures not rising to the level of an arrest do not always require probable cause.   Under *Terry v. Ohio*, a police officer may seize a person briefly for investigatory purposes on less than probable cause.  392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).  To make *Terry* stop, an officer must have reasonable suspicion that criminal activity may be afoot, requiring at least "some minimal level of objective justification for making the stop."  *United States v. Rozaline Silveus*, 542 F.3d 993, 2008 U.S. App. LEXIS 19224, at *9-10 (3d Cir. Sept. 9, 2008)  (quoting *Alabama v. White*, 496 U.S. 325, 329-30, 110 S. Ct. 2412, 110 L. Ed 2d 301 (1990)) (internal quotations omitted).

Probable cause to search exists where, looking at the totality of the circumstances, there is a "fair probability" that contraband or evidence of a crime will be found in a particular place.  *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). However, *Terry* authorizes a limited search of the outer surfaces of a person's clothing on

less than probable cause if an officer reasonably believes him to be armed and dangerous. 392 U.S. at 27. To have reasonable ground, an officer must be able to point to particular facts from which he reasonably inferred that the person was armed and dangerous. *Sibron v. New York*, 392 U.S. 40, 64, 88 S. Ct. 1889, 20 L. Ed 2d 917 (1968).

Though Plaintiff purports to base his Fourth Amendment claim only on a lack of probable cause, he alleges sufficient facts to proceed even if the lesser *Terry* showing were required to justify his April 17 detention and search. Plaintiff alleges that the sole reason for Lukowich's actions was to coerce Plaintiff into making drug dealing allegations against Savokinas. (Am. Compl. ¶¶ 7, 8, Doc. 8.) Plaintiff asserts that the police chief arranged for an informant to "entice" him to a place where police waited to "initiate a search and arrest" in order to put pressure on him to make false statements. (*Id*.). Viewed in the light most favorable to Plaintiff, these factual allegations could reasonably support a finding that Lukowich lacked *any* objective basis or reasonable justification to handcuff, search, and hold Plaintiff for questioning.

The second alleged Fourth Amendment violation also occurred on April 17, 2006, when Plaintiff claims officers searched his car without a warrant, consent, or probable cause while he was being detained and questioned. (*Id*. ¶¶ 5-12.) A car may be searched without a warrant only where police have probable cause to believe it contains contraband, *United States v. Ross*, 456 U.S. 798, 799-800, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982), except that police may conduct a protective *Terry* frisk of the passenger compartment, limited to areas where a weapon may be hidden, if the officer has a reasonable belief based on specific, articulable facts that the occupant is dangerous and may gain immediate control of a

10

weapon. *Michigan v. Long*, 463 U.S. 1032, 1050, 463 U.S. 1032, 103 S. Ct. 3469, 77 L. Ed 2d 1201 (1983). The protective frisk of a vehicle has been upheld even where occupants were outside the vehicle, as Plaintiff was in this case. *Id*. Though Plaintiff's complaint lacks any facts regarding the scope or length of the officers' search of his car and simply asserts a lack of probable cause, it alleges that this search, similar to that above, was conducted to pressure Plaintiff into making allegations against Savokinas. (Am. Compl. ¶¶ 5-12.) As discussed above, he has alleged sufficient facts to support a finding that Lukowich lacked any objective, reasonable basis for the search of Plaintiff's car and that it cannot be justified under either a probable cause or lower *Terry* standard.

The third alleged Fourth Amendment violation occurred on May 10, 2006, when Plaintiff claims that Lukowich arrested him without probable cause. (*Id*. ¶¶ 18, 19.) A person may not be arrested except upon probable cause. *Orsatti*, 71 F.3d at 482. Plaintiff asserts that, after the April 17 encounter with police, he received several phone calls from a Borough police officer pressuring him to make false allegations against Savokinas. (*Id*. ¶ 17.) When he continued to refuse, Lukowich arrested him. (*Id*. ¶¶ 18, 19.) Viewed in the light most favorable to Plaintiff, these factual allegations can support a finding that Lukowich did not reasonably believe Plaintiff committed an offense and thus lacked probable cause to arrest him. *See Estate of Smith,* 318 F.3d at 514 (facts and circumstances must warrant a reasonable person to believe that the person to be arrested has or is committing an offense).

For the foregoing reasons, the Court will not dismiss Plaintiff's claims for Fourth Amendment violations in Count I of his amended complaint.

B.      Fourteenth Amendment

Plaintiff also claims in Count I that his April 17 searches and seizure and May 10 arrest by Lukowich constituted a deprivation of his due process rights under the Fourteenth Amendment.  (Am Compl. ¶ 27, Doc. 8.)  While Plaintiff does not specify whether his claims rest on the substantive or the procedural component of the Due Process Clause, they could not rest on the substantive component: "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'"  *Albright v. Oliver*, 510 U.S. 266, 273, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)).  The Fourth Amendment, as discussed above, provides an explicit textual source of constitutional protection to Plaintiff, so any reliance on the substantive component of the Due Process Clause is misplaced.

Based on the same principle, the procedural component of the Due Process Clause does not apply.  Plaintiff does not allege that Lukowich deprived him of liberty without following the appropriate procedures.  Moreover, his claims based on principles of search and seizure are properly brought under the Fourth Amendment, not the Fourteenth Amendment.  A claim under the procedural component of the Due Process Clause would be redundant.  Therefore, Plaintiff has not stated a claim upon which relief can be granted for violation of his rights under the Due Process Clause in Count I of his amended complaint and this claim will be dismissed.

### III.      Count II - Malicious Prosecution

In Count II, Plaintiff brings a claim for malicious prosecution, alleging that Lukowich caused criminal proceedings to be initiated against him, resulting in his arrest.  A claim for malicious prosecution brought under § 1983 must be based on a deprivation of liberty or some constitutional right other than substantive due process.[1]  Here, Plaintiff alleges the deprivation of a liberty interest protected by the Fourth Amendment, namely, freedom from arrest without probable cause.  When the claim is brought under the Fourth Amendment, the elements of a malicious prosecution claim under § 1983 are: (1) the defendant initiated a criminal proceeding; (2) he did so without probable cause; (3) the proceeding ended in plaintiff's favor; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) as a consequence of a proceeding, the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007).

Here, Plaintiff alleges that Lukowich caused criminal proceeding to be initiated against

---

[1]      In the wake of the Supreme Court's holding in *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (holding that the substantive component of the Due Process Clause of the Fourteenth Amendment provides no relief for one who claims he has been prosecuted without probable cause; "express[ing] no view" on whether such relief would be available under other amendments), the Third Circuit Court of Appeals has unequivocally stated that a claim of malicious prosecution may be based on a liberty interest protected by the Fourth Amendment or some other provision of the constitution, provided its not based on the substantive component of the Due Process Clause. *See, e.g., Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 792 (3d Cir. 2000); *Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998).

13

him.  (Am. Compl. ¶ 30, Doc. 8.)  He alleges that Lukowich was motivated, not by the belief that he committed any offense, but for the purpose of pressuring Plaintiff into making allegations against Savokinas.  (*Id*. ¶¶ 17-19.)  Consequently, Plaintiff alleges Lukowich initiated criminal proceedings without probable cause and for a purpose other than bringing Plaintiff to justice.  Finally, Plaintiff alleges that the initiation of proceedings resulted in his arrest.  (*Id*. ¶ 39.)  These allegations adequately plead a claim for malicious prosecution.

### IV.    Count III - First Amendment Retaliation

Count III of Plaintiff's amended complaint brings a claim against Defendants for retaliation in violation of the First Amendment, alleging that Lukowich brought criminal charges against him for his refusal to make allegations against Savokinas.   "The First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." *Hartman v. Moore,* 547 U.S. 250, 256, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006). In order to plead a First Amendment retaliation claim, "a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action. *Thomas v. Independence Twp.,* 463 F.3d 285, 296 (3d Cir. 2006).

Plaintiff adequately alleges conduct protected by the First Amendment.   The First Amendment protects both an individual's right to speak freely and his right to refrain from speaking. *Wooley v. Maynard*, 430 U.S. 705, 714, 97 S. Ct. 1428, 51 L. Ed. 2d 752 (1977). "[T]he Supreme Court has long treated compelled speech as abhorrent to the First Amendment...." *Clifton v. FEC*, 114 F.3d 1309, 1313 (1st Cir. 1997) (collecting cases). The

14

Third Circuit Court of Appeals has noted that compelled speech occurs in the context of actual compulsion, where the government action punishes or threatens to punish protected First Amendment activity. *See C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 189 (3d Cir. 2005) ("the governmental measure must punish, or threaten to punish, protected speech by governmental action that is regulatory, proscriptive, or compulsory in nature") (internal citations and quotation marks omitted). Here, Plaintiff alleges that Lukowich attempted to force him to make false allegations against another person. (Am. Compl. ¶ 10, Doc. 8.) When he refused, Lukowich retaliated by initiating criminal charges against Plaintiff. (*Id.* ¶ 39.) These facts allege a right to refrain from speaking protected by the First Amendment and punishment on part of the government seeking to compel Plaintiff's speech.

Plaintiff also adequately alleges the second requirement of a First Amendment retaliation claim. The initiation of criminal charges and subsequent arrest constitute conduct that would deter a person of ordinary firmness from exercising his constitutional rights. *See Blankenship v. Manchin*, 471 F.3d 523, 531 (4th Cir. 2006) (deterrence likely where state actor has "'engaged the punitive machinery of the government in order to punish'" a person for speaking out) (quoting *Garcia v. City of Trenton*, 348 F.3d 726, 729 (8th Cir. 2003)); *see also McCormick v. City of Lawrence*, 253 F. Supp. 2d 1172, 1197 (D. Kan. 2003) ("the threat of arrest by a police officer is exactly the sort of act that would deter a person of ordinary firmness from exercising his or her First Amendment right to orally challenge that officer").

Finally, Plaintiff adequately alleges the third requirement. To establish a causal link, a plaintiff usually must show either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism

15

coupled with timing to establish a causal link.  *Lauren W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).   Here, Plaintiff certainly alleges the latter.   He claims that his continued refusal to make false allegations attracted harassing telephone calls from Borough police, initiation of criminal charges, and finally his arrest, all within one month of his initial refusal on April 17, 2006.  (Am. Compl. ¶¶ 5, 14, 17-19, 39, Doc. 8.)

The Court finds that Plaintiff has stated a claim upon which relief may be granted for First Amendment retaliation.

### V.      Count IV - Abuse of Power

In Count IV, Plaintiff brings a claim for abuse of official power in violation of the Fourteenth Amendment, alleging that Lukowich used his power as police chief to attempt to intimidate Plaintiff into making allegations against Savokinas.

An allegation of abuse of power in violation of the Fourteenth Amendment falls under the rubric of substantive due process.   "[T]he substantive due process guarantee protects against governmental power arbitrarily and oppressively exercised."  *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). The U.S. Supreme Court has explained that executive abuse of power violates substantive due process rights when the behavior "shocks the conscience."  *Id*. at 846. The Court stated that "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Id*. at 849.

Plaintiff alleges that Lukowich was in "pursuit" of Plaintiff's employer, Savokinas. (Am. Compl. ¶ 5, Doc. 8.)   He further alleges that the "pursuit" motivated Lukowich's

actions towards Plaintiff.  (*Id.*)  To this end, Lukowich intentionally searched, detained, and later arrested Plaintiff, knowing he lacked any justification to do so, in order to coerce him into making drug trafficking allegations against Savokinas.  (Id. ¶ 42.)  If these allegations are proved, a jury could find that Lukowich intended to injure Plaintiff and that such action was unjustifiable by any government interest.  Consequently, the Court finds that Plaintiff has stated a substantive due process claim.

### VI.    Count V - Failure to Train

In Count V of his amended complaint, Plaintiff brings a claim against Avoca alone, alleging its failure to train its employees not to retaliate against citizens who exercise their First Amendment rights.

Municipal liability can be predicated on a failure to train.  In order to impose municipal liability, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury.  *Monell*, 436 U.S. at 694.  "Where, as here, the policy in question concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact."  *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999).  As the U.S. Supreme Court has explained, only in circumstances exhibiting deliberate indifference "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983."  *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

For a failure to train to amount to deliberate indifference, "it must be shown that (1)

municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id*.  This third prong, stated another way, requires a causal nexus, in that the "identified deficiency in [the] training program must be closely related to the ultimate [constitutional] injury."  *Woloszyn v. County of Lawrence*, 396 F.3d 314, 325 (3d Cir. 2005) (citations omitted).

This Court recently declined to dismiss a plaintiff's failure to train claim in a case with facts related to those of the case at bar, also naming Avoca as a defendant. *Savokinas v. Borough of Avoca*, No. 07-cv-2311, 2008 U.S. Dist. LEXIS 49938, at *12-19 (M.D. Pa. June 27, 2008) (Caputo, J.).  Taking into consideration the impact of the U.S. Supreme Court's decision in *Twombly*, the Court found plaintiff's allegations—although "minimal" and approaching the level of a formulaic recitation of the elements—went slightly beyond the threshold necessary to give defendant fair notice of the claim and its grounds, as required by *Twombly*.  *See Erickson*, 127 S. Ct. at 2200.  There, plaintiff similarly alleged he suffered harassment and false accusations by Lukowich in retaliation for exercising rights protected by the First Amendment; that Avoca was aware of the police chief's improper conduct; and that it allowed him to continue the harassment. *Savokinas,* 2008 U.S. Dist. LEXIS 49938, at *16-19.  This Court found these allegations to meet the requirements necessary to show deliberate indifference:

> The third factor here is met because a wrong choice concerning an opportunity to retaliate against another employee for exercise of his protected right to free speech will certainly 'cause deprivation of constitutional rights.' And regarding the first two (2) factors ... Plaintiff

> essentially alleges that Avoca, in allowing Lukowich to continue harassing
> Plaintiff under these circumstances, was on notice of the need to
> implement certain training or other policies and the failure to do so
> amounted to deliberate indifference.

*Id*. at *18-19.

Here, Plaintiff makes virtually identical, if not slightly more egregious, allegations. He alleges not only that Lukowich and his officers harassed him over the telephone, but that they abused their law enforcement authority by searching, detaining, and arresting him in retaliation for his exercise of rights protected by the First Amendment.  (Am. Compl. ¶¶ 5-22, 46.)  Plaintiff further alleges, in the context of his retaliation claim, that Avoca knew about this conduct and allowed it to continue.  (*Id*. ¶¶ 36-38.)  For the reasons stated in *Savokinas*, the Court finds these allegations sufficient to state a claim against Avoca for failure to train.

**VII.    Punitive Damages**

Each Count in Plaintiff's Amended Complaint alleges violations of federal law under 42 U.S.C. § 1983.  Punitive damages are not available against municipalities in Section 1983 claims.  *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981).  Therefore, all Counts will be dismissed to the extent that they seek punitive damages against Avoca.

**CONCLUSION**

For the foregoing reasons, the Court will grant in part and deny in part Defendant Borough of Avoca's motion to dismiss.  (Doc. 12.)  Because they are raised pursuant to

federal law, Counts I, II, III, and IV will be dismissed to the extent they seek remedies

under state law.  All Counts will be dismissed to the extent they seek punitive damages

from Avoca.  Plaintiff's claim in Count I for violation of the Due Process Clause of the

Fourteenth Amendment will be dismissed.  Avoca's motion will be denied in all other

respects because Plaintiff has stated claims upon which relief may be granted under §

1983 as to his Fourth Amendment claim in Count I and the claims presented in Counts II

through V.

An appropriate Order follows.

November 7, 200                                              /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RYAN O'MALLEY,

    Plaintiff,

        v.

EDWARD LUKOWICH and BOROUGH
OF AVOCA,

    Defendants.

NO. 3:08-CV-0680

(JUDGE CAPUTO)

**ORDER**

    **NOW**, this __7th__ day of November, 2008, **IT IS HEREBY ORDERED** that Defendant Borough of Avoca's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 12) is **GRANTED IN PART and DENIED IN PART** as follows:

    (1)    Defendant's motion is **GRANTED** with respect to Counts I, II, III, and IV of the Amended Complaint (Doc. 8) to the extent these Counts seek remedies under state law.  Plaintiff's claims for Pennsylvania remedies for federal constitutional violations in these Counts are **DISMISSED.**

    (2)    Defendant's motion is **GRANTED** with respect to Counts I, II, III, IV, and V of the Amended Complaint (Doc. 8) to the extent these Counts seek punitive damages against Defendant Borough of Avoca.  Plaintiff's claims for punitive damages in these Counts are **DISMISSED.**

    (3)    Defendant's motion is **GRANTED** with respect to Plaintiff's claim for violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution presented in Count I of the Amended Complaint (Doc. 8). This claim is **DISMISSED.**

    (4)    Defendant's motion is **DENIED** in all other respects.

                                /s/ A. Richard Caputo
                                A. Richard Caputo
                                United States District Judge